# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2022

Lyle W. Cayce
Clerk

No. 21-50640
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IGNACIO TREVIZO-CORTEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-517-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Ignacio Trevizo-Cortez appeals his conviction and sentence for reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Trevizo-Cortez argues that treating a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than as

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50640

an element of the offense, violates the Constitution and rendered his guilty plea unknowing and involuntary. He correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Trevizo-Cortez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.